


THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983

no $ paid

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

**CLAUDE FRAZIER, PRO SE   #274096**
Full Name of Plaintiff, Prison Number

Civil Action

VS.

Judge

**TIMOTHY KEITH, WARDEN, ET AL.**
Defendant

Magistrate Judge

## COMPLAINT

1.  **Previous Lawsuits**

    A.  Have you begun any other lawsuit while incarcerated or detained in any facility?
        Yes ____√____   No _____

    B.  If your answer to the proceeding question is yes, provide the following information.

        1.  State the court(s) which each lawsuit was filed (if federal, identify the District; if state court, identify the county or parish):

            _____Western District of Louisiana_____

        2.  Name the parties to the previous lawsuit(s):

            Plaintiffs:    _____Claude Frazier, pro se_____

            Defendants:    _____Tim Wilkinson, et al_____

        3.  Docket number(s): ___10-0603___

        4.  Date(s) on which each lawsuit was filed: ___2010___

        5.  Disposition and date thereof [For example, was the case dismissed and when? Was it appealed and by whom (plaintiff or defendant)? Is the case still pending?]:
            _____Dismissed 5-29-12_____

1

C. Have you filed any lawsuit or appeal in any federal district court or appeals court which has been dismissed?
Yes. ___√___   No. _____

If your answer to the proceeding question is yes, state the court(s) which dismissed the case, the civil action number(s), and the reason for dismissal (e.g., frivolity, malice, failure to state a claim, defendants immune from relief sought, etc.).

_____See Above_____

_____

II. A. Name of institution and address of current place of confinement:

__Winn Correctional Center, P.O. Box 1260, Winnfield, LA  71483-1260__

B. Is there a prison grievance procedure in this institution?
Yes. ___√___   No. _____

1. Did you file an administrative grievance based upon the same facts which from the basis of the lawsuit?
Yes. ___√___   No. _____
If Yes, what is the Administrative Remedy Procedure number? __WNC-2009-616;__
__WNC-2013-537; and WNC 2013-__

2. If you did not file an administrative grievance, answer the following question. What specific steps of the prison procedure did you take and what was the result? (For example, for sate prisoners in the custody of the Department of Public Safety and Corrections: did you appeal any adverse decision through to Step 3 of the administrative grievance procedure by appealing to the Secretary of the Louisiana Department of Public Safety and Corrections? For federal prisoners: did you appeal any adverse decision from the warden to the Regional Director for the Federal Bureau of Prisons, or did you make a claim under the Federal Tort Claims Act?)

_____

_____

Attach a copy of each prison response and/or decision rendered in the administrative proceeding.

**III.   Parties to Current Lawsuit:**

A. Name of Plaintiff _____Claude Frazier #274096_____

   Address _____P.O. Box 1260, Winnfield, LA 71483-1260_____

B. Defendant, _____Timothy Keith_____, is employed as

   _____Warden_____ at ____Winn Correctional Center_____.

   Defendant, _____Dr. Singleton_____, is employed as

   ___Medical Doctor_____ at ____Winn Correctional Center_____.

   Defendant, _____Daniel Mars_____, is employed as

   ___Medical Director_____ at ____Winn Correctional Center_____.

   Additional defendants __Corrections Corp. of America is defendant's employer.___
   _____And James LeBlanc, Secretary, La. Dept. of Corrections._____

## IV. Statement of Claim

State the **FACTS** of your case. Specifically describe the involvement and actions of each named defendant. Include the names of all persons involved in the incident(s) or condition(s) giving rise to this lawsuit, and the dates upon which and the place where the incident(s) and/or condition(s) occurred. **YOU ARE REQUIRED TO SET FORTH ONLY FACTUAL ALLEGATIONS. YOU ARE NOT REQUIRED TO SET FORTH LEGAL THEORIES OR ARGUMENTS.**

_____See attached_____

3

V. **Relief**

State exactly what you want the court to provide to you or do for you. Make no legal arguments. Cite no case or statutes.

_____See Attached_____

VI. **Plaintiff's Declaration**

A. I declare under the penalty of perjury that all of the facts represented in this complaint and any attachments hereto is true and correct.

B. I understand that if I am transferred or released, I must apprise the Court of my address, and my failure to do so may result in this complaint being dismissed.

C. I understand that I may not proceed without prepayment of cost if I have filed three lawsuits and/or appeals that were dismissed on grounds that the action and/or appeal was frivolous or malicious, or failed to state a claim upon which relief may be granted, unless I am in imminent danger of serious physical injury.

**Signed this** _13th_ **day of** _November_ , 2013.

274096
Prisoner No. (Louisiana Department of Corrections or Federal Bureau of Prisons)

X_____
Signature of Plaintiff

## STATEMENT OF FACTS

1. I previously filed Civil Action #10-0603 involving the failure to provide a safe and secure shower area for plaintiff who is paralyzed from the chest down in a permanent wheelchair to which I suffered injures from a fall to which I was deliberately denied adequate diagnosis and treatment to undermine a potential civil rights action in violation of §504 of the Rehabilitation Act of 1973; 29 U.S.C. §794(a); and Title II of the Americans with Disabilities Act; 42 U.S.C. §12131 et. seq., USCA Amend. 8 and 14.

2. On March 4, 2013, I was injured again when I fell out of the knowing unsecured shower chair causing injuries to my upper body and head to which I have been denied proper diagnosis and treatment by the medical staff, leaving me in unnecessary and needless pain and suffering to undermine this §1983 action.

3. On or about the ___ day of August, 2013, LSU Medical Doctor wrote a prescription for a soft mattress.

4. On October 18, 2013, I was placed in the prison hospital being in great pain and discomfort to which the medical staff said nothing was wrong yet I was kept in a locked room under observation.

5. On October 20, 2013, I was taken to Winn Parish Medical Center due to being in extreme pain and a high fever.

6. On October 26, 2013, I had emergency surgery to which I had to be given 2 pints of blood and 1 pint of iron and again ordered a soft mattress to which the medical staff refused to do prompting the filing of ARP #WNC-2013-_____ in light of racial discrimination in that they are providing a white prisoner a soft mattress yet refuse to provide me a black prisoner one without legal justification as ordered leaving me in needless pain and suffering and risk of further injuries

prompting the October 26, 2013 surgery.

7. Defendant Kuplesky has deliberately refused to provide proper diagnosis and treatment for my medical injuries from the March 4, 2013 fall due to policy and/or practice of Winn Correctional Center in hopes to undermine a damage suit under federal and/or state law.

8. Defendants Keith and Kuplesky had prior knowledge of the dangerous and hazardous conditions when a paraplegic used the unsecured shower chair through filing of civil action #10-0603 but have taken no action to remedy the same in violation of §504 of the Rehabilitation Act of 1973; 29 U.S.C.§794(a); and Title II of the Americans with Disabilities Act; 42 U.S.C.§12131 et. seq., USCA Amend. 8 and 14.

9. Defendant Keith is liable for failing to timely respond to my A.R.P. placed in the A.R.P. mailbox contributing to the necessary pain and suffering from being denied of the medically ordered mattress from LSU and Winn Parish Medical Center for bed sores and muscle related problems.

10. Defendant LeBlanc is liable for failing to timely respond to my A.R.P. placed in the prison mailbox concerning defendant Keith's failure to respond to my April 15, 2013 A.R.P. as to defendants Singleton, Mars, and Brunson, deprivation of my medically ordered mattress by LSU and Winn Parish Medical Center.

11. Defendants Mars, Brunson, and Singleton are liable for deprivation of a medically ordered mattress by LSU and Winn Parish Medical Center for bed sores and other muscle related problems causing me needless pain and suffering per se and in light of providing one to another paraplegic, William Jones, who is white, in direct violation of §504 of the Rehabilitation Act of 1973; 29 U.S.C. §794(a); and Title II of the Americans with Disabilities Act; 29 U.S.C. §794; 42 U.S.C. §12131 et. seq.; and USCA Amend. 8 and 14.

12. Corrections Corporation of America is liable for all acts of defendants taken in their official and individual capacities on its behalf causing said unconstitutional deprivations without due process and legal justification.

13. All defendants are individually and/or solidarily liable for the above acts pursuant to §1983 and La. C.C. art. 2315-2324.

14. Defendants are all sued in both their individual and official capacities.

15. Plaintiff is suffering from mental depression due to defendant's acts/inactions.

16. $250,000.00 in compensatory damages.

17. $100,000.00 in punitive damages.

18. Exercise supplemental jurisdiction to hear my state damage claims.

19. Issue TRO/PI ordering defendants to provide me with the medically ordered mattress to which white inmate William Jones has who is also paraplegic like plaintiff.

20. Issue TRO/PI ordering defendants to remedy the unsecured shower chair that keeps causing me injures to which they are aware of.

21. Issue TRO/PI ordering defendants to provide plaintiff access to outside medical professional for proper diagnosis and treatment of his injuries from the fall; bed sores and muscles related problem that is still causing me unnecessary pain and suffering to which they are refusing to treat to undermine a damage suit which is standard practice at Winn Correctional Center.

22. Any and all other monetary and equitable relief I am entitled to by law but not specifically prayed for.

23. Appoint counsel as indigent.

24. Appoint expert witnesses to consult the court as to these claims.

25.   Jury trial where applicable.

Respectfully submitted this 13th day of November, 2013, under the penalty of perjury and in good faith.

 

X_____
Claude R. Frazier #274096
WNC Birch A-2
P.O. Box 1260
Winnfield, LA  71483-1260

Please serve:

Ms. Brunson, Nurse
Winn Correctional Center
Gum Springs Road, Hwy. 560
Winnfield, LA  71483

Dr. Singleton, Medical Doctor
Winn Correctional Center
Gum Springs Road, Hwy. 560
Winnfield, LA  71483

Tim Keith, Warden
Winn Correctional Center
Gum Springs Road, Hwy. 560
Winnfield, LA  71483

Daniel Mars, Medical Director
Winn Correctional Center
Gum Springs Road, Hwy. 560
Winnfield, LA  71483

James LeBlanc, Secretary
La. Department of Corrections
504 Mayflower Street
Baton Rouge, LA  70821

Dr. Kuplesky, Former Medical Doctor
Winn Correctional Center
Gum Springs Road, Hwy. 560
Winnfield, LA  71483

Corrections Corp. of America
C/O Timothy Keith
Winn Correctional Center