U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JAN 2 0 2016

TONY R. MOORE  CLERK
BY _____
                    DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| CLAUDE R. FRAZIER,<br>      Plaintiff | CIVIL ACTION<br>NO. 1:13-CV-03110 |
| VERSUS | |
| TIMOTHY KEITH, ET AL<br>      Defendant | CHIEF JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JOSEPH H.L.<br>PEREZ-MONTES |

MEMORANDUM ORDER

On December 21, 2015, Plaintiff filed a Motion and Order for Physical Examination pursuant to Federal Rule of Civil Procedure 35 (Doc. 58). Plaintiff seeks a physical examination and photo verification of his bed sores for use as evidence. Plaintiff also requests that Defendants produce Plaintiff for examination, but does not state who will pay for the physical examination and photographic evidence.

Trial is currently set to begin on March 9, 2016. Upon reviewing the complaint, the issues involved, and the medical records available, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's motion.

I. RULE 35

A. General Standards

Rule 35 empowers the Court to "order a party whose mental or physical condition ... is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed.R.Civ.P.35(a)(1). Examinations are available only for "good

cause," and thus a Rule 35 motion is not proper when used to obtain medical care or to complain of deliberate indifference to a prisoner's serious medical needs. See Green v. Branson, 108 F.3d 1296, 1304 (10th Cir. 1997).

B. Parties Entitled to Seek a Rule 35 Examination

Rule 35 does not allow a party - even an indigent party or a prisoner - to seek his own examination. See McKenzie v. Nelson Coleman Correctional Center, 11-0268, 2012 WL 3779129, at *2 (E.D. La. Aug. 31, 2012), citing Smith v. Carroll, 602 F. Supp. 2d 521, 526 (D.Del. 2009). Furthermore, Rule 35 "does not vest this Court with the authority to appoint an expert to examine a party wishing an examination of himself." McKenzie, supra, quoting Brown v. United States, 74 Fed. Appx. 611, 614 (7th Cir. 2003); Lindsay v. Lewis, No. 11CV67, 2012 WL 1155744, at *1 (M.D.N.C. Apr. 6, 2012) (same in denying prisoner's Rule 35 motion); Melton v. Simmons, No. 08-CV-458, 2009 WL 454619, at *1 (W.D.N.C. Feb. 23, 2009) (same in denying prisoner's Rule 35 motion).

Instead, Rule 35 allows a party in a civil action to request that another party, or someone under the control of another party, consent to a physical or mental examination where that party's condition is at issue. Specifically, Rule 35 authorizes courts, on motion of an opposing party, to order a party to "produce for examination a person who is in its custody or under its legal control." Fed.R.Civ.P.35(a)(1); see McKenzie, supra.

For instance, when a parent is suing to recover injuries to a minor, the Court may order the parent to produce the minor for examination. However, Rule 35 is "not intended for a situation where a prisoner-plaintiff wishes an examination of himself." McKenzie, supra; Paiva v. Bansal, No. 10-179, 2011 WL 1595425, at *1 (D.R.I. Apr. 27, 2011); see also, Adams v. Epps, No. 08-CV-154, 2008 WL 4861926, at *1 (S.D. Miss. Nov. 10, 2008) (denying prisoner's request for his own medical examination under Rule 35); Cabrera v. Williams, 05CV3121, 2007 WL 2682163, at *2 (D. Neb. Sep. 7, 2007) (same); Lindell v. Daley, No. 02-C-459-C, 2003 WL 23111624, at *1-2 (W.D. Wis. June 30, 2003) (same).

C. Costs

Plaintiff does not indicate who will bear the cost of the proposed examination. Regardless, there is no legal entitlement to such aid for a civil litigant, even an indigent one. Smith v. Carroll, supra, at 526, citing Brown v. United States, 74 Fed. Appx. 611, 614 (7th Cir. 2003), cert denied, 540 U.S. 1132, 124 S.Ct. 1107, 157 L.Ed.2d 936 (2004) (not reported). "The Court is not obligated to subsidize the Plaintiff's litigation by paying for his expert witness testimony." See Kendrick v. Frank, No. 05-C-0976, 2007 WL 2207907, at *2 (E.D. Wisc. 2007). "Neither 28 U.S.C. § 1915 nor Fed.R.Civ.P.35 authorizes courts to pay for testing, consultation, or examination by private physicians." McKenzie, supra, at *3, citing Holloway v. Lott, 08-CV-0821, 2009 WL 2778665,

3

at *1 (E.D. Ark. Aug. 28, 2009).

Nonetheless, Plaintiff has access to medical records which would evidence the nature and extent of his injuries and treatment. Furthermore, at trial, Plaintiff may testify, cross-examine defense witnesses, seek an independent medical examination, and present any pertinent medical evidence he may have or obtain. Therefore, while the Court may not subsidize Plaintiff's case, Plaintiff will still have access to the courts, and the opportunity to obtain a fair judgment based upon the evidence. See McNeil v. Lowney, 831 F.2d 1368, 1373-74 (7th Cir. 1987).

For the foregoing reasons, Plaintiff's motion is hereby **DENIED IN PART** to the extent it seeks an order to have Plaintiff examined and photographed by an independent physician.

II. Medical Records

Plaintiff alleges he has suffered direct injuries as a result of Defendants' conduct (Doc. 35). Plaintiff also alleges that Defendants denied Plaintiff the use of a soft mattress in contravention of a prescription for the same by a medical doctor.

Presumably to comply with the Court's February 9, 2014 Order (Doc. 11), Defendants submitted more than 2,600 pages of medical records (Doc. 28, 2149 records; Doc. 38, 457 records). Medical records have been submitted from as early as 2009-2010. These records predate Plaintiff's claim by several years in some instances. Other medical records do not appear to be in

4

chronological order. (Docs. 28-1, 28-2).

Moreover, the filed records do not include LSU-S records Plaintiff requested on January 16, 2015 (Doc. 41). Process was served on March 27, 2015 (Doc. 45), but as of October 28, 2015, Plaintiff had not received the records from LSU-S (Doc. 54).

The Court is required to construe Plaintiff's briefs liberally. <u>Jones v. Wal-Mart</u>, No. 2:09-cv-0044, 2010 WL 439860, at *3 (W.D. La. 2010). To the extent Plaintiff's motion seeks production of medical evidence pertinent to his claims, and given the condition of the medical records filed to date, Plaintiff's motion is hereby **GRANTED IN PART**. Accordingly, **IT IS ORDERED** that Defendants, on or before February 8, 2016:

1.  number and file with the Clerk of Court under seal, and provide to Plaintiff by mail, a copy of any medical records not already filed, including medical records from any outside medical providers of any kind;

2.  inquire by phone as to the status of the records requested by Plaintiff from LSU-Shreveport (Doc. 45), and be prepared to discuss the status of those records at the January 26, 2016 Pretrial Conference; and

3.  file with the Clerk of Court under seal, and provide to Plaintiff by mail, an index describing the nature, source, and date of each medical record filed in this proceeding pursuant to this and all prior orders, referencing each record by page

5

number.

Defendants shall file a Notice of Compliance attesting that the requirements of this Order have been met.

Alexandria, Louisiana, this ___20___ day of January, 2016.

_____
HON. JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE