U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JUL 25 2016

TONY R. MOORE CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| CLAUDE R. FRAZIER | CIVIL ACTION NO. 1:13-CV-03110 SECTION "P" |
| VERSUS | CHIEF JUDGE DRELL |
| TIM KEITH, et al. | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a motion for injunctive relief filed by Plaintiff Claude R. Frazier ("Frazier") on July 5, 2016 (Doc. 90). Frazier is confined in the Winn Correctional Center ("WCC"). Frazier claims that, on May 18, 2016, Warden Floyd told him to go through his legal papers and get what he needs out of them and send the rest home or throw them away, but Frazier refused (Doc. 90). Frazier contends that, on June 22, 2016,[1] Warden Deville's subordinates told him he had to send his legal documents home or they would take them and destroy them (Doc. 90).

Frazier argues that the Louisiana Department of Corrections is responsible for providing adequate storage space to protect his property from theft, but that LaSalle Corrections, the current operator of WCC, has failed to provide any safe place for him to store his property (Doc. 90).

In his motion, Frazier asks the Court to "stop them from taking and destroying my legal documents that LaSalle has failed to provide a safe and secure place to keep" (Doc. 90).

---

[1] Frazier actually states that the incident occurred on June 22, 2013, but that appears to be a typographical error.

Rule 65 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> (b)(1) Issuing Without Notice. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss or damage will result to the movant before the adverse party can be heard in opposition, and (B) the movant's attorney certifies in writing any efforts made to give the notice and the reasons why it should not be required.

In order for Frazier to obtain a preliminary injunction, he must show: (1) a substantial likelihood that his cause will succeed on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) that the threatened injury outweighs the threatened harm the injunction may do to the opposing party; and (4) that the court granting the injunction will not disserve the public interest. See Piedmont Heights Civic Club, Inc. v. Moreland, 637 F.2d 430 (5th Cir. 1981).

In the instant case, Frazier has failed to meet the requirements set forth above. Frazier has not alleged any specific facts to show that immediate and irreparable injury, loss, or damage will result to him before the adverse parties can be heard in opposition, or that there is a substantial threat of irreparable injury to him if his requested injunction is not granted. Frazier has not shown the prison officials have interfered with and impaired any of his legal actions. Nor has Frazier shown there is a substantial likelihood that his cause will succeed on the merits.

## Conclusion

For the foregoing reasons, IT IS RECOMMENDED that Frazier's request for a temporary restraining order and/or preliminary injunction be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before making a final ruling.

A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana on this 25th day of July 2016.

Joseph H.L. Perez-Montes
United States Magistrate Judge

3