UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

c

| | |
|---|---|
| CLAUDE R. FRAZIER, Plaintiff | CIVIL ACTION NO. 1:13-CV-03110; SEC. P |
| VERSUS | JUDGE WALTER |
| TIMOTHY KEITH, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

On November 18, 2013 *pro se* prisoner Claude R. Frazier ("Frazier") filed a complaint against Warden Tim Keith, Mark Singleton, Daniel Marr, Corrections Corporation of America, James LeBlanc,[1] Stephen Kuplesky, and Amy Brunson. (Doc. 1). Frazier is a paraplegic. In his Complaint, Frazier alleged that Defendants denied him an air mattress and a safe shower chair. Frazier additionally referenced an earlier case he filed which involved the failure to provide Frazier a safe and secure shower area. (Id.) Frazier also alleged that he is being deprived of adequate care, resulting in his contraction of bed sores and other illnesses. (Id.). Frazier seeks monetary relief and injunctive relief in the form of an order directing Defendants to provide him with a medically-ordered soft mattress, a secured shower chair, and access to an outside medical professional for proper diagnosis and treatment for his injuries from a fall in the shower, decubitus ulcers, and other related problems. (Id.).

---

[1] Although named in his complaint, Frazier did not provide factual allegations involving Defendants Corrections Corporation of America or James LeBlanc. Therefore, service of process was withheld from those two Defendants. Frazier was not entitled to have his grievances investigated or resolved, nor are grievance procedures required. Frazier had the opportunity to amend his Complaint to state allegations of personal involvement by Defendants LeBlanc or the implementation of unconstitutional policies by CCA. (See Doc. 11). Frazier did not do so.

The parties had submitted Motions for Summary Judgment addressing Frazier's claims against Defendants' under 42 U.S.C. § 1983 for alleged violations of the Eighth Amendment. (Docs. 75, 78). The Court addressed those Motions in a Report and Recommendation issued on September 8, 2016. (Doc. 99). The Court gave the parties additional time to file an additional Motion for Summary Judgment pertaining to the issue of the shower and shower chair. (Doc. 93). Both Frazier and Defendants have filed Motions for Summary Judgment pertaining to those issues. (Docs. 102, 104).

## I. Background

Frazier was incarcerated at Winn Correctional Center ("WCC") at the time he filed this Complaint. Frazier is paralyzed from the chest down and is confined to a wheelchair. (Doc. 104). On April 4, 2013, Frazier fell out of a shower chair and was assessed by medical staff. Frazier moves for summary judgment on the issue of whether Defendants failed to provide paraplegics with a safe and secure shower chair. Frazier contends that the placement of a metal shower chair with no rubber stoppers for a paraplegic to use unassisted without the aid of a trained healthcare provider created a substantial risk of harm if it slid and/or tipped over onto the shower floor. (Doc. 102).

## II. Law and Analysis

### A. Standards governing the Motion for Summary Judgment.

Under Rule 56 of the Federal Rules of Civil Procedure, a court must grant summary judgment "if the movant shows that there is no genuine dispute as to any

material fact and the movant is entitled to judgment as a matter of law." Paragraph (e) of Rule 56 also provides the following:

> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
> (1) give an opportunity to properly support or address the fact;
> (2) consider the fact undisputed for purposes of the motion;
> (3) grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it; or
> (4) issue any other appropriate order.[2]

"A genuine dispute of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Hefren v. McDermott, Inc., 820 F.3d 767, 771 (5th Cir. 2016) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). In deciding a motion for summary judgment, a court must construe all facts and draw all inferences in the light most favorable to the non-movant. Dillon v. Rogers, 596 F.3d 260, 266 (5th Cir. 2010). However, a mere scintilla of evidence is insufficient to defeat a motion for summary judgment. Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999).

### B. Frazier failed to exhaust available administrative remedies regarding a potentially unsafe shower area for paraplegics.

Frazier moved for summary judgment on the issue of whether Defendants failed to provide paraplegics with safe and secure shower chair. In general, the only allegations Frazier has made in reference to a defective shower area apply solely to

---

[2] Local Rule 56.2W (formerly 2.10W) also provides that all material facts set forth in a statement of undisputed facts submitted by the moving party will be deemed admitted unless the opposing party controverts those facts.

the shower chair. Nonetheless, Frazier has failed to properly exhaust his administrative remedies because he never filed an administrative remedy procedure ("ARP") related to an unsafe or wrongfully designed shower area for paraplegics.

The law requires that an offender confined in prison must exhaust available administrative remedies before bringing an action regarding prison conditions under § 1983, or any other federal law. 42 U.S.C. § 1997e(a). "Exhaustion is a mandatory prerequisite to the filing of a suit by a prisoner with respect to prison conditions." Abbott v. Babin, 587 Fed.Appx. 116, 118 (5th Cir. 2014). "A properly exhausted claim is one which has 'complete[d] the administrative review process in accordance with the applicable procedural rules.'" Id. (quoting Woodford v. Ngo, 548 U.S. 81, 88 (2006). A prisoner must provide administrators with a fair opportunity under the circumstances to address the problem that will later form the basis of the suit. Hemphill v. Inglese, 359 Fed. Appx. 537, 540 (5th Cir. 2010) (citing Woodford v. Ngo, 548 U.S. 81, 93-95 (2006)). Defendants bear the burden of showing that the offender did not exhaust administrative remedies if they seek to avail themselves of this affirmative defense. Id. (citing Jones v. Bock, 549 U.S. 199, 216 (2007)).

Defendants attached the ARP that Frazier filed, and which Frazier later referenced, to their Motion for Summary. (See Doc. 104; Doc. 107, FN 2). The ARP Frazier filed on May 30, 2013, stated that he fell out of a shower chair and sustained injuries to his back. (Doc. 104, p. 35/40). He specifically complains that he was not provided with a proper chair, stating "the shower chair had come from under me, and I had fell on the shower floor hurting my upper back." (Doc. 104, p. 35/40). He further

4

stated that he had hurt his back previously due to that same chair, and that officials refused to provide him with a proper chair. (Id.). Frazier also references this ARP, WNC-2013-537, in stating that the warden was aware of both the defective chairs and design of the showers.

However, as clearly evidenced in the ARP, Frazier does not mention any broader problem with the shower that would constitute a claim that the prison failed to provide a safe and secure shower area for paraplegics. Instead, his only claim regarded an unsecure shower chair. The ARP did not give prison officials notice of a potentially unsafe shower area, nor did it give them an opportunity to address any grievance he might have had regarding that shower area. Instead, the complaints in that ARP refer specifically to the shower chair. As Frazier did not file an ARP regarding a failure to provide a safe shower area, he has not properly exhausted his claims regarding a wrongful design of the shower area in general.

    C. **Frazier failed to prove that Defendants deprived him of his constitutionally protected rights by failing to provide him with a safe shower chair.**

"The Constitution does not mandate comfortable prisons … but neither does it permit inhumane ones, and it is now settled that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." Harper v. Showers, 174 F.3d 716, 719 (5th Cir. 1999) (quoting Woods v. Edwards, 51 F.3d 577, 581 (5th Cir. 1995)). "The Eighth Amendment's prohibition against cruel and unusual punishment imposes minimum requirements on prison officials in the treatment received by and facilities available to prisoners." Woods v. Edwards, 51 F.3d 577, 581 (5th Cir. 1995). However, two

5

requirements must be met in order to constitute a constitutional violation. Id. First, the objective requirement requires the condition "be so serious as to 'deprive prisoners of the minimal civilized measure of life's necessities,' as when it denies the prisoner some basic human need." Id. Second, the subjective requirement the Court must determine whether the official was deliberately indifferent to inmate health or safety. Id.

Frazier argues that prison officials failed to provide paraplegics with safe and secure shower chairs, by using shower chairs without rubber stoppers. Frazier alleges that this created a substantial risk of harm when used unassisted by paraplegics, as the chair could slide or tip over. Frazier alleges that he was injured when he used the shower chair and it tipped over, causing him to fall to the floor. Defendants contend that the shower chairs were safe, medical grade, designed for disabled persons, and ordered through a medical supplier.

Although Frazier has alleged that the chairs lacked rubber stoppers and were therefore defective, Frazier has provided no evidence to support his claim. However, Defendants have submitted affidavits indicating that the shower chair was inspected after Frazier's fall and found to be unbroken. (Doc. 104, pp. 32-33, 38/40). Furthermore, an affidavit from Medical Director Marr indicated that he was responsible for ordering medical supplies. Marr stated that all shower chairs were ordered through a medical supplier, were medical grade, and were specifically designed for use by disabled persons. (Doc. 104, p. 25/40). Those shower chairs contained rubber stoppers on the feet to prevent them from sliding, were replaced

6

when damage to the chair was reported, and were replaced periodically for normal wear and tear. (Doc. 104, pp. 25-26/40).

Furthermore, Tim Keith states that the facility was inspected twice per year by the Louisiana State Fire Marshall, twice per year by the State of Louisiana Department of Corrections, and bi-annually by the State of Louisiana Department of Health. (Doc. 104, p. 28/40). Additionally, WCC was inspected annually by Corrections Corporation of America for compliance with state and federal regulations. These numerous inspections were to ensure that the facility would remain compliant with state and federal regulations, including the Americans with Disabilities Act ("ADA"). (Doc. 104, p. 28/40). Keith states that none of these inspections revealed any issues with the Birch Unit shower area, where Frazier was housed. (Doc. 104, p. 29/40).

Both Daniel Marr and Tim Keith stated that, although there were multiple handicap inmates at WCC at any given time, they could only recall Frazier complaining about falling out of a shower chair. (Doc. 104, pp. 26, 27/40). In a "Notice of False Statements" filed after the submission of the parties' Motions for Summary Judgement, Frazier states that in Mona Heyes' affidavit, there was an allegation that no other inmate filed a claim as to injuries from an unsecure or defective shower chair. Although the Court notes that Ms. Heyes made no comment in her affidavit regarding this issue (see Doc. 104, pp. 30-32/40), a similar claim could be found in the affidavits of Marr and Keith. Specifically, Frazier alleges that two other inmates were injured, one in 2016 and the other on an unnamed date. However, Frazier

provides no evidence that such events happened or that Defendants were aware of the claims.

Furthermore, Frazier claims that "[o]n May 9, 2016, Lasalle/Winn Correctional Center employees removed the shower chairs with no rubber stoppers at the bottom to prevent the chairs from sliding and tipping over with brand new ones with rubber stoppers at the bottom after notification by defense counsel of said defects." (Docs. 94, 102). However, Frazier has only presented a conclusory allegation and no evidence to support his claim. In contrast, Defendants presented an affidavit from defense counsel Ronald Corkern stating that he (Corkern) has never contacted anyone at LaSalle/Winn Correctional Center to notify them of any alleged defects in a shower chair. (Doc. 104, p. 40/40). As there is no evidence of any contact between prison officials and defense counsel regarding a potential defect, there is no genuine dispute as to this fact.

Affidavits submitted by Defendants show that the facility received numerous periodic inspections to ensure that all federal and state regulations were followed, including those found in the ADA. Furthermore, the chairs were ordered from a medical supplier, were medical grade, and designed for use by disabled persons. Additionally, those shower chairs contained rubber stoppers on the feet to prevent them from sliding, were replaced when damage to the chair was reported, and were replaced periodically for normal wear and tear. Frazier has provided no countervailing evidence. The Court therefore recommends that Defendants are entitled to summary judgment for all remaining claims.

### III. Conclusion

Based on the foregoing, IT IS RECOMMENDED that Defendants' Motion for Summary Judgment (Doc. 104) be GRANTED, that Frazier's Motion for Summary Judgment (Doc. 102) be DENIED, and that Plaintiff's remaining claims against Defendants be DISMISSED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this \_\_10th\_\_ day of December, 2016.

Joseph H.L. Perez-Montes
United States Magistrate Judge